IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HOAI THANH,** | * | |
| Plaintiff | * | |
| v. | * | **Civil No. PJM 11-1992** |
| **HIEN T. NGO,** | * | |
| Defendant. | * | |

## **MEMORANDUM OPINION**

This false light and defamation case is the latest in the long history of litigation between Plaintiff Hoai Thanh and Defendant Hien T. Ngo.

Discovery in the case, which began in early 2012, has been characterized by several motions. In December 2012 and January 2013, Thanh filed a "Motion to Enforce Discovery Settlement Agreement" (Dkt. 58) (seeking primarily to obtain court orders to have three Internet Service Providers (ISPS) provide content information) and a "Motion to Compel" (Dkt. 60) (complaining about discovery disputes in general and seeking to have Ngo produce a tape recording). Ngo, partially at least, opposes Thanh's Motions. The Court referred these discovery issues and related scheduling matters to Magistrate Judge (MJ) Charles B. Day. Following a hearing on the Motions before MJ Day, in an oral ruling he granted-in-part and denied-in-part Thanh's Motion to Enforce Discovery Settlement Agreement but denied his Motion to Compel. (*See* Dkts. 68 and 69.)

Thanh objects to these rulings (*see* Dkts. 70 and 71). Ngo has not filed a response to this appeal. The Court reviews the MJ's rulings for clear error. *See Baltimore Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531 (D. Md. 2011).

Having done so, the Court **OVERRULES** Thanh's Objections.

## I.

Thanh's Motions and Objections are intertwined, since both relate to discovery disputes which arose in August 2012. At that time, Thanh served Ngo with an original Motion to Compel discovery, seeking emails and the tape recording. When counsel for the parties met in August, defense counsel advised Plaintiff's counsel that Ngo did not possess a tape, but stated that he would work on getting the emails from three ISPs. Counsel for the parties labored throughout the fall to get emails from the ISPs, but, facing resistance from the ISPs, met again in December. Eventually it became clear that, absent a court order, the ISPs would not turn over the information. It was at that point that Thanh filed his present "Motion to Enforce Settlement Agreement," followed by his "Motion to Compel," alleging generally obstructionist behavior on the part of Ngo, and, once again seeking, among other things, to obtain the tape recording. At oral argument before MJ Day, Thanh concentrated on the issue of the tape recording, alleging, among other things, that Ngo had deliberately destroyed it.

\* \* \*

Thanh's original Motion to Compel production of the tape recording was served on Ngo in August 2012. When counsel met in August, Ngo clearly represented through counsel that Ngo no longer had the tape. Thereafter, Thanh continued to maintain that he had a right to the tape while Ngo continued to insist she did not have it. In January 2013, Thanh filed a renewed Motion to Compel.

MJ Day determined that Thanh had not filed his renewed Motion to Compel in a reasonable time after his request was rebuffed—noting that Thanh knew as of August 2012 that Ngo was asserting she did not have the tape. When Thanh did file, January 2013, some five months had passed. In addition, MJ Day pointed out that Ngo was not refusing to produce something within her possession, custody, or control; rather, she was not producing something she claimed to not possess. MJ Day further stated that the record evidence of spoliation was insufficient, since it was unclear as to when Ngo may have gotten rid of the tape and as to when she should have reasonably anticipated litigation. However, MJ Day left open the possibility that with more evidence, Thanh might possibly set forth a spoliation case in the future. The MJ also indicated that, if Thanh's counsel so wished, Ngo's counsel could set forth in writing that the tape was not in Ngo's possession, custody, or control. The Court assumes that either this has been done, or if it has not been done, and Ngo for any reason declines to furnish the statement voluntarily, Thanh may return to MJ Day, requesting an order that it be done.

In his Motion to Compel, Thanh argues that the Local Rules of the Court do not set a time limit for the filing of a motion to compel, that MJ Day completely ignored the spoliation issue, and that he wrongly imposed sanctions on Thanh in saying that costs associated with getting ISP information should preliminarily fall on Thanh, whereas spoliation by Ngo should have required that such costs be borne by Ngo.

**II.**

While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a "reasonable" time period. *See* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2285 (3d ed. 2010) ("the moving party must seek a Rule 37(a) order in a timely fashion…. long delays in seeking a court

order may weaken or undermine the argument that the additional discovery is important."). In this case, MJ Day committed no clear error in concluding that Thanh's delay of almost 6 months from the time he knew he would not get the tape until he sought relief from the Court by Motion was unreasonable. Nor was MJ Day in error in concluding that the record before him did not demonstrate spoliation by Ngo. Further, the MJ's comments that Thanh might need to shoulder the costs of obtaining discovery from the ISPs in no sense amounted to a "sanction" against Thanh or an inappropriate response to Thanh's unproven allegation of spoliation. Finally, as MJ Day recognized, it was Thanh who was seeking the information from the third-party ISPs, so it can hardly be erroneous to suggest that the burden, at least, might be borne by him.

### III.

Thanh's second Objection relates to MJ Day's grant in part and denial in part of Thanh's Motion to Enforce Discovery Settlement. This Motion sought to enforce an agreement between Thanh and Ngo, whereby they agreed to seek discovery, specifically Ngo's emails, from the three ISPs: Yahoo, Google, and AOL. Thanh requested and Ngo consented to having MJ Day sign orders directing the ISPs to turn over the contents of Ngo's emails, which MJ Day agreed to do, asking that the parties submit proposed orders. On review of the proposed orders, MJ Day stated that he was concerned over the scope of the orders, indicating that he was not prepared to authorize Thanh to go so far as to obtain email information by and between third parties, apart from any emails third party correspondents may have sent to Ngo and which would be found in Ngo's account. And again, MJ Day also stated that in terms of any costs associated with the ISPs having to respond, his preliminary view was that Thanh was the appropriate party to shoulder those costs, since he was the one seeking the discovery from the ISPs. But MJ Day also indicated that, depending on the ultimate costs, it might be appropriate for Thanh and Ngo to

share them, and, in any event, if the parties could not come to an agreement on the matter, they could always seek a further ruling from him.

Thanh takes particular issue with MJ Day's stray remark that he would not allow a "wild goose chase" after emails that correspondents of Ngo may have exchanged with third parties. Those three words are patently innocuous, hardly the stuff of a plausible objection to an MJ's action or the basis for asking a reviewing Court to address in a written opinion.

**IV.**

At this juncture, discovery in the case is essentially closed except as to two areas—the ISP material and Ngo's deposition (*see* Dkt. 56). MJ Day appropriately delineated the scope of the ISP discovery Thanh may undertake. Moreover, Thanh may obtain court orders from MJ Day directing the ISPs to produce specified emails for review by Ngo and Thanh, as discussed at the hearing before MJ Day.

\* \* \*

Summing up, the Court finds no error, much less clear error, in any of the rulings of MJ Day that Thanh complains of.

The Court **OVERRULES** Plaintiff's Objections to MJ Day's Rulings on April 4, 2013. A separate order will **ISSUE.**

                                                /s/
                                **PETER J. MESSITTE**
                     **UNITED STATES DISTRICT JUDGE**

**May 9, 2013**