# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HOAI THANH,** | * | |
| Plaintiff | * | |
| v. | * | **Civil No. PJM 11-1992** |
| **HIEN T. NGO,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION & ORDER

In its Opinion & Order dated May 9, 2013 (Papers No. 72 & 73), the Court affirmed Magistrate Judge (MJ) Day's overruling of Plaintiff's Hoai Thanh's Motion to Compel the Production of certain items. One of the items sought was a tape recording of a supposed telephone conversation between Defendant Hien Ngo and a Mrs. Minh, in which Mrs. Minh allegedly made statements that she had been "conned" or defrauded by Thanh, an item that thereafter Ngo apparently published. MJ Day determined that Thanh had waited some six months to file the Motion, too long in his view, and the Motion to Compel was denied as untimely.

After this Court affirmed MJ Day, Thanh filed a Motion for Reconsideration of the Court's Order, arguing that while he had first sought production of the tape from Ngo in August 2012, he did not in fact learn that Ngo's counsel was claiming the tape did not exist until March 2013. An e-mail from Ngo's counsel appears to confirm this to have been the case and neither Ngo nor her counsel has averred to the contrary.

1

Meanwhile, according to Thanh's counsel, he was trying to resolve the matter of production of the tape informally with Ngo's counsel, a course very much favored during the course of discovery. It is unfair, says Thanh, that that delay should be used as a sword against him.

The Court, on reconsideration, agrees with Thanh. Accordingly, Thanh's Motion for Reconsideration (Dkt. 79) is therefore **GRANTED.**

1) Within 30 days, Ngo and her counsel must produce the tape to Thanh's counsel or both Ngo and her counsel must explain, **under penalties of perjury:**
    a. Whether the tape ever existed;
    b. Whether Ngo ever told anyone that the tape existed and, if so, who was told and when;
    c. Whether the tape was destroyed and, if so, when, by whom, and why;
    d. What, as precisely as possible, was said on the tape.
2) If said tape is not produced, Thanh shall have the right to take additional discovery in the form of reasonably noticed depositions of both Ngo and Ngo's counsel, the subject of which shall be limited to the tape.
3) Further, unless the tape is produced as ordered herein, at trial Thanh may attempt to demonstrate spoliation of the tape by Ngo, including the right to request that appropriate negative inferences be drawn against Ngo if spoliation is in fact found. While the Court anticipates that this evidence would be admissible, it makes no definitive ruling at this time.

4) The Court **DEFERS** ruling on Thanh's Motion for Spoliation (Dkt. 82).

**SO ORDERED** this 23rd day of July, 2013**.**

                                                      /s/
                                 **PETER J. MESSITTE**
                        **UNITED STATES DISTRICT JUDGE**