## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HOAI THANH** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 11-1992** |
| | * | |
| **HIEN T. NGO** | * | |
| | * | |
| Defendant | * | |
| | * | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Hoai Thanh has filed no less than three Motions for Reconsideration pursuant to Rule 60(b), in his latest attempt to prolong the seemingly endless litigation between himself and Defendant Hien T. Ngo. The factual and procedural background of the case may be found in the Court's Opinion in *Hoai Thanh v. Hien T. Ngo*, Civ. No. 11-PJM-1992 (May 8, 2015) ("*Thanh I*"), the Opinion which is, once again, at issue in these Motions. *See* ECF No. 148. For the following reasons, the Court sees no reason to further prolong this combat, and will *sua sponte* **DENY** Thanh's three Motions for Reconsideration pursuant to Rule 60(b).

### A.

The three Motions for Reconsideration under Rule 60(b) request reconsideration of the same issues that the Court considered and rejected when Thanh previously raised them pursuant to Rule 60(d).

As background, on May 8, 2015, the Court issued a Final Order of Judgment against Thanh in *Thanh I*, which he did not appeal or move to alter or amend under Rule 59(e). Nor did he move for reconsideration pursuant to Rule 60(b). Instead, on November 11, 2015, he filed a new suit, *Hoai Thanh v. Hien T. Ngo*, Civ. No. 15-PJM-3441 ("*Thanh III*"), in which pursuant to

<u>Rule 60(d) only</u>, he sought to challenge several rulings in the Court's May 8, 2015 Opinion in *Thanh I*. *See Thanh III*, Compl., ECF No. 1; H'rg Tr. 25:4–17, ECF No. 19.  In essence, Thanh sought reconsideration of the Court's denial of his spoliation motion in *Thanh I*, and, among other complaints, the Court's refusal to consider certain cassette tapes as evidence in connection with its ruling.  *Thanh III,* Compl. at 9–12; *see Thanh I,* Memorandum Opinion at 25–28, ECF No. 148 ("[T]he Court declines to consider Thanh's extraordinarily dilatory revelation of the existence of Cassette 'E' or a Cassette 'A1.").  At the same time, Thanh accused Ngo of fraud on the Court by submitting false information, producing incomplete recordings, and destroying tapes.  *Thanh III*, Compl. at 9–12

The Court granted Ngo's Motion to Dismiss *Thanh III* at a hearing on February 4, 2016, finding Thanh's requests pursuant to Rule 60(d) to be without merit.  While Rule 60(b) was discussed during the hearing as a point of comparison, the Court found that *Thanh III* had been brought under Rule 60(d), and dismissed the suit on that basis.[1]  *See Thanh III*, H'rg Tr. 25:4–17, 29:21–23, ECF No. 19.  Nevertheless, the Court noted that, even if Rule 60(b) were deemed in play, Thanh's arguments would also fail.  *See, e.g.*, *id*. 34:14-19.

Following the Court's dismissal of *Thanh III*, Thanh filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) in both *Thanh I* and *III*, both of which the Court denied by marginal Order.  *Thanh I*, ECF Nos. 149, 150; *Thanh III*, ECF Nos. 20, 21.

## B.

Thanh's three new Motions for Reconsideration pursuant to Rule 60(b), filed in *Thanh I*, ECF Nos. 154, 155, 156, make the same arguments related to fraud as the Complaint filed in

---

[1] Despite the Court's repetition that the suit "is based on Rule 60(d). . . it is not based on Rule 60(b)," Hr'g Tr. 25:4–5, Thanh appears to believe that the Court ruled on the basis of both Rule 60(b) and (d).  If that were the case, the Court is left to wonder why Thanh believes he could bring a *second* (and third and fourth) Motion under Rule 60(b).

*Thanh III* pursuant to Rule 60(d) did, although Thanh now collects additional ammunition from the *Thanh I* record, as well as from the transcript of the *Thanh III* February 4, 2016 oral opinion.

The Court notes as an initial matter that Thanh clearly appears to be using a Rule 60(b) Motion to request reconsideration of Court's rejection of his Rule 60(d) argument.  This comes after the Court denied reconsideration pursuant to Rule 59(e) of its dismissal of *Thanh III* (i.e. Rule 60(d)).  Thanh even warns that he may yet file a Rule 60(b) claim in *Thanh I* because it is within a year of the Court's Final Order of Judgment in that case—this despite the fact that the Court all but rejected a Rule 60(b) Motion in its February 4, 2016 ruling, noting, albeit in dicta, that the rationale of its decision would apply under either Rule 60(b) or (d).

A party may move for relief under Rule 60(b)(3) within a year of the final judgment if it believes the judgment was obtained by fraud or misrepresentation.  A motion pursuant to 60(b) may be granted if: (1) the moving party has a meritorious defense; (2) the misconduct is proven by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case.  *Columbia Commc'ns Corp. v. EchoStar Satellite Corp.*, 2 F. App'x 360, 366 (4th Cir. 2001) (citing *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994)); *see also Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014) (discussing the differing standards between Rules 60(b) and (d)).

But the Court's view remains unchanged.  Under either Rule 60(b) or (d), Thanh was not prevented from raising his assertions of Ngo's purported fraud prior to the Court's grant of summary judgment—assertions which, in fact, Thanh did bring to the Court's attention.  The Court, weighing the evidence from both parties, as well as Thanh's extraordinarily dilatory behavior in producing certain evidence in support of his claims, *see Thanh I,* Opinion at 25–28,

ECF No. 148, rejected his assertions.   As the Court found at the hearing, in rejecting his

argument of fraud on the court under Rule 60(d):

> [T]he position in this case is that there simply is no basis under Rule 60(d) to grant
> reconsideration for the alleged fraud given the meaning of fraud within that rule. And
> there would not be, in the Court's view, similarly a basis to reject a decision based on a
> Rule 60(b). *Thanh III*, Hr'g Tr. 27:14–19.

> All the matters as to which the plaintiff now complains were matters that were or could
> have been brought to the attention of the Court in the underlying case, Thanh 1. In fact,
> the complaint itself, according to defendant, shows that plaintiff did raise most, if not all,
> of these issues in the underlying case. H'rg Tr. 30:15–20.

> There is nothing that prevented the plaintiff from litigating all of these issues in the
> underlying case and he did bring fraud at issue to the Court at the time.   And the Court,
> again, made certain ruling[s] that—regarding what the Court regarded as untimely filings
> in the case by the plaintiff. And right or wrong, the remedy was to appeal.   H'rg Tr.
> 31:11–26.

> [T]he Court simply does not find that there was fraud either in connection with 60(d)),
> which is the basis of the motion[,] or even allowing for a moment 60(b), there was
> nothing other than that the plaintiff believes that the defendant was not telling the truth or
> some of her witnesses were not telling the truth.  Hr'g Tr. 34:14–19.

> In the end, this was a case, Thanh 1, brought by the plaintiff in which the plaintiff had the
> burden of alleging plausibly the elements of each cause of action. And insofar as it was
> challenged that there was not evidence that would allow the case to go forward and,
> otherwise, permit speculation by a jury, the Court simply found that there was not
> sufficient evidence, all things considered.  H'rg Tr. 35:20–36:1.

Accordingly, the Court rejected Thanh's argument for fraud on the Court on the basis of Rule

60(d), because the Complaint in *Thanh III* was filed pursuant to <u>Rule 60(d) only</u>.   However,

insofar as Thanh may labor under any misapprehension as to the Court's position on the

plausibility of a Rule 60(b) Motion, the Court clarifies it at this time.

Following the same reasoning stated in the Opinion given on the record, and quoted

extensively above, Thanh has failed to meet his burden under Rule 60(b) which, while less than

that of Rule 60(d), is nonetheless very high.  *See Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d

131, 135–36 (4th Cir. 2014).  He has failed to show that he has a meritorious defense; he has

failed to show, by clear and convincing evidence, that Ngo committed misconduct; and he has failed to show that any misconduct on Ngo's part prevented him from fully presenting his case. *See Columbia Commc'ns Corp. v. EchoStar Satellite Corp.*, 2 F. App'x 360, 366 (4th Cir. 2001). Thanh's first and second motions for reconsideration under Rule 60(b) are therefore **DENIED**.

Thanh's request in his Third Motion for Reconsideration for the Court to enter a Final Order of Judgment in *Thanh I* as to its February 4, 2016 ruling pursuant to Rule 60(b) is likewise **DENIED**.  ECF No. 156.  Since Thanh did not file a motion pursuant to Rule 60(b) in either *Thanh I* or *III*, and since the Court did not rule on one, the lack of an Order on the issue was in no sense an oversight.  Nevertheless, as of today, Thanh will now have an Order expressly denying his Motion for Reconsideration pursuant to Rule 60(b).

## C.

All three of Thanh's Motions for Reconsideration pursuant to Rule 60(b), ECF No. 154, 155, 156, are **DENIED**.


/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**May 16, 2016**